## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| Dynocom, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-206 |
| | ) | |
| PTISubCo, LLC, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Dynocom, Inc. ("Dynocom") brings the following claims against Defendant PTISubCo, LLC ("Power Test") and avers as follows:

### PARTIES

1.      Dynocom, Inc. is a Texas corporation with an address of 2447 Riverbend W Dr, Fort Worth, TX 76118.

2.       Defendant PTISubCo, LLC is a limited liability company organized and existing under the laws of Wisconsin doing business as Power Test Dynamometer with a principal place of business at N60 W22700 Silver Spring Dr, Sussex, WI 53089.

### JURISDICTION AND VENUE

3.      This is an action arising under 28 U.S.C. § 1332 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      Power Test designs, manufactures, and sells dynamometers, heavy equipment testing systems, and related data acquisition and control systems. Power Test has provided specialized test equipment to manufacturers, and rebuilding facilities and

distributors throughout the United States and in more than 90 countries on six continents. Power Test conducts business and has a facility in New Hampshire.

5.      Venue is proper in this Court because: (a) the contract from which this dispute arises was entered into and to be performed in New Hampshire; and (b) the contract from which this dispute arises contains a venue selection clause pursuant to which Dynocom and Power Test consented to personal jurisdiction and venue in New Hampshire.

**BACKGROUND FACTS**

6.      Dynocom, via assignment, is the owner of United States Patent No. 8,505,374 ("'374 patent").

7.      In May of 2016 Dynocom and Land & Sea, Inc. ("Land & Sea") entered into a Settlement Agreement resolving numerous disputes between Dynocom and Land & Sea.

8.      Exhibit A of the Settlement Agreement between Dynocom and Land & Sea is a Patent License ("Original Patent License Agreement") of the '374 patent from Dynocom to Land & Sea.

9.      In March of 2020 Defendant purchased the assets of Land & Sea.

10.     As part of the Land & Sea asset purchase Defendant was desirous of acquiring Land & Sea's Settlement and Original Patent License Agreement with Dynocom.

11.     For consideration, Dynocom, Land & Sea, and Defendant reached an agreement to allow Defendant to take Land & Sea's place in the Settlement and Patent

License Agreement with Dynocom through an Amendment Agreement ("Amendment Agreement"). **Exhibit A.**

12.     Pursuant to Section 5 of the Amendment Agreement Defendant stepped directly into the shoes of Land & Sea as if Defendant signed the Settlement Agreement and Original Patent License Agreement.

13.     Section 11 of the Amendment Agreement states that Defendant shall mark any and all POD/Hub dynamometers with the Licensed Patent ('374 patent) pursuant to 35 U.S.C. 287. The products were to be marked as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1".

14.     In November of 2021 at the SEMA show in Las Vegas, Nevada Dynocom and Defendant both had booths and publicly displayed their POD/Hub dynamometers products.

15.     At the SEMA Show a representative of Dynocom observed that none of the Defendant's products were marked in accordance with the parties Amendment Agreement.

16.     In December of 2021 at the PRI Show in Indianapolis, Indiana Dynocom and Defendant both had booths and publicly displayed their POD/Hub dynamometers products.

17.      At the PRI Show a representative of Dynocom observed that none of the Defendant's products were marked in accordance with the parties Amendment Agreement.

18.     Over a hundred thousand attendees came through and viewed the parties' products at the SEMA Show.

19.     During the PRI Show in Indianapolis, Indiana a representative of Dynocom spoke with the Chief Executive Officer of the Defendant, Alan Petelinsek ("Petelinsek") about the products not being marked.

20.     During the conversation with Petelinsek he did not deny that the Defendant's products were not marked. Petelinsek stated that he was aware of the licensing agreements between the parties.

21.     On December 28, 2021, counsel for Dynocom wrote Petelinsek a letter demanding that Defendant immediately become in compliance with Section 11 of the Amendment Agreement. **Exhibit B.**

22.     Dynocom further demanded Power Test to provide documentation, on a monthly basis, to Dynocom that all its future POD/Hub dynamometers products are being properly marked, and a full accounting of all POD/Hub dynamometers manufactured, displayed, and sold from April 2020 to that day.

23.     Defendant stated it would begin marking its products in accordance with the Amendment Agreement within 30 days but refused to comply with Dynocom's other demands.

24.     Defendant, since entering into the Amendment Agreement, has not marked a single POD/Hub dynamometers product as required by the Amendment Agreement.

25.     Upon information and belief, Defendant's POD/Hub dynamometers products continue to not be marked in accordance with the Amendment Agreement.

26.     Defendant willfully breached the parties Amendment Agreement for almost two years. Defendant continues to willfully breach the parties Amendment

Agreement by failing to mark its POD/Hub dynamometers products in accordance with the Amendment Agreement.

27.     Defendant is liable for its continued and past breach of the parties in accordance with the Amendment Agreement.

28.     Each product sold or displayed to the public deceives consumers into believing it originated with Defendant.

29.     Each product sold or displayed to the public damages Dynocom's reputation as Dynocom is the true inventor of the technology.

## FIRST CAUSE OF ACTION
### (Breach of Written Contract)

30.     Dynocom incorporates the preceding paragraphs of this Complaint herein by reference as though fully set forth in this paragraph.

31.     The Amendment Agreement, a copy of which is attached hereto as Exhibit 1, is a valid and binding written contract between Dynocom and Power Test.

32.     Defendant has breached the Amendment Agreement by failing to mark its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" as required by Amendment Agreement at all times since April 1, 2020 and up to the date of the filing of this Complaint, June 10, 2022.

33.     Dynocom has performed all the conditions, covenants and promises required of it under the Amendment Agreement.

34.     Defendant's contractual obligation to mark its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" as required by Amendment Agreement has not been terminated, waived or excused up through the date of the filing of this Complaint.

35.     As a proximate result of Defendant's breach of the Amendment Agreement, Dynocom has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (For Declaratory Relief)

36.     Dynocom incorporates the preceding paragraphs of this Complaint herein by reference as though fully set forth in this paragraph.

37.     An actual controversy has arisen and now exists between Dynocom and Defendant concerning Defendant's ongoing obligation to mark its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" under the terms of the Amendment Agreement from April 1, 2020 through the date of the filing of this Complaint and for the duration of the Amendment Agreement.

38.     Dynocom desires a judicial determination and declaration that Defendant is obligated to mark its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" under the terms of Amendment Agreement, from April 1, 2020 through the date of the filing of this Complaint and for the duration of the Amendment Agreement.

39.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Dynocom and Defendant may ascertain their respective rights and obligations under the terms of the Amendment Agreement.

**THIRD CAUSE OF ACTION**
**(For Unjust Enrichment)**

40.     Dynocom incorporates the preceding paragraphs of this Complaint herein by reference as though fully set forth in this paragraph.

41.     Defendant has obtained and received the benefits of the Settlement Agreement, Original Patent License Agreement, and Amendment Agreement, without marking its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1".

42.     Defendant has retained the benefits of the Settlement Agreement, Original Patent License Agreement, and Amendment Agreement at the expense of Dynocom.

43.     Defendant would be unjustly enriched if it were permitted to have enjoyed and retained the benefits of the Settlement Agreement, Original Patent License Agreement, and Amendment Agreement without marking its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1".

44.     Consequently, to prevent and address such unjust enrichment, Defendant should be required to mark its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" going forward, and should provide proof it is marking its POD/Hub dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374 B1" for the term of the Amendment Agreement.

**PRAYER FOR RELIEF**

Wherefore, Dynocom prays for judgment against Power Test as follows:

1.     For damages in an amount to be determined at trial;

2.     For interest on all damages at the maximum legal rate;

7

3.      For a judicial declaration that Defendant is obligated to mark its POD/Hub

dynamometers products as "Licensed from Dynocom Industries, Inc. U.S. Pat. 8505374

B1" under the terms of Amendment Agreement, from April 1, 2020 through the date of

the filing of this Complaint and for the duration of the Amendment Agreement;

4.      For costs of suit incurred; and

5.      For such other and further relief as the Court may deem proper

## DEMAND FOR JURY TRIAL

Dynocom demands a trial by jury on all issues so triable.

Date: June 10, 2022.                          Respectfully submitted by,
                                              Attorney for Plaintiff
                                              Dynocom, Inc.

                                              /s/ Brendan M. Shortell
                                              Brendan M. Shortell (NH Bar 274676)
                                              Lambert Shortell & Connaughton
                                              100 Franklin Street, Suite 903
                                              Boston, MA 02110
                                              Telephone: 617.720.0091
                                              Facsimile: 617.7206307
                                              shortell@lambertpatentlaw.com